IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN D. ROGERS                                                          PLAINTIFF

VERSUS                                                NO.  4:18cv257-DMB-RP

MISSISSIPPI DEP'T OF CORRECTIONS,
AND PELICIA E. HALL, AND SEAN SMITH
In Their Individual Capacities                                         DEFENDANTS

JURY TRIAL DEMANDED

This is a civil action to recover money damages for the Defendants for violating of Mr. Rogers' First Amendment right to be free from retaliation for speech on a matter of public concern, made actionable pursuant to 42 U.S.C. § 1983; and for violating Mississippi public policy by retaliating against him for reporting and refusing to engage in illegal acts, made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"). For cause, Mr. Rogers shows the Court as follows:

PARTIES

1.  The Plaintiff, John D. Rogers, is an adult resident citizen of Cleveland, Bolivar County, Mississippi.

2.  The Defendant, Mississippi Department of Corrections ("MDOC") is a department of the State of Mississippi.  The Defendant MDOC may be served with process by service of a summons and complaint to the Attorney General of the State of Mississippi, Honorable Jim Hood, 550 High Street, Suite 1200, Jackson, Mississippi

39201.

3.  The Defendant Pelicia E. Hall, In Her Individual Capacity, is the Commissioner of the MDOC.  The Defendant Hall may be served with process by service of a summons and complaint to her, at 633 North State Street, Jackson, Mississippi 39202.

4.  The Defendant Sean Smith, In His Individual Capacity, is the Director of the Corrections Investigation Division ("CID") of the MDOC.  The Defendant Smith may be served with process by service of a summons and complaint to him, at 633 North State Street, Jackson, Mississippi 39202.

## JURISDICTION & VENUE

5.  This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. 1343(a)(3) (Civil Rights), and 42 U.S.C. § 1367 (Supplemental).

6.  Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## CAUSE OF ACTION

7.  John D. Rogers began his employment with the MDOC in 1989.  At all times, Mr. Rogers served the MDOC  loyally and conscientiously and maintained the highest

standards of public service.

8.  In May 2009, Mr. Rogers received promotion to the position of Chief of Investigation for the CID, at the Mississippi State Penitentiary ("MSP").

9.  As the Chief of Investigation, Mr. Rogers had charge of every investigation at the MSP.

10.  On or about November 21, 2016, Mr. Rogers received word from the mother of an inmate, Tristan Harris, that her son had allegedly been assaulted by two staff members.

11.  Mr. Rogers dispatched two CID investigators, James Bobo and William Carter, to investigate the allegation.

12.  Shortly after dispatching the two investigators, Mr. Rogers spoke to one of the investigators and was told there was merit to the allegation, as the inmate had blood on his clothing.

13.  Mr. Rogers decided to join the investigators to assist them in conducting interviews.

14.  One of the staff member suspects was interviewed, after receiving Miranda warnings and denied any wrongdoing.

15.  While Mr. Rogers was outside of the interview room informing the Director of CID, the Defendant Smith, of the investigation, he heard a commotion in the

interview room.

16. Mr. Rogers returned to the interview room to witness a struggle caused by the suspect assaulting Mr. Bobo.

17. Mr. Rogers then assisted Mr. Bobo in subduing and handcuffing the suspect.

18. Because the another suspect was being held in the Warden's office nearby, Mr. Rogers requested the Warden call K-9 officers to provide additional security due to the first suspect's assaultive behavior.

19. Mr. Rogers resumed interviewing the suspect and the suspect agreed to recant his earlier denial and turn over his clothing and boots to investigators, as evidence, due to the suspected presence of blood.

20. At that point, the Superintendent of MSP, Earnest Lee, entered the interview room with several K-9 officers, grabbed hold of the suspect, and told him to come with him.

21. Mr. Rogers and his investigators were physically confronted by the K-9 officers and Superintendent Lee who then proceeded to interfere in and obstruct the lawful investigation of the suspect's beating of Tristan Harris and assault on investigator Bobo.

22. Superintendent Lee's interference and obstruction included: attempting to remove the suspect from the interview room during the investigation, preventing the

4

questioning of the suspect by investigators, removing physical evidence, leveling false accusations against the investigators, and assaulting Mr. Bobo and Mr. Carter, to prevent them from leaving the interview room to report his interference and obstruction to the Director of the CID, the Defendant Smith.

23. The conduct of Superintendent Lee amounted to criminal acts including: obstruction of a public official in the performance of their duty, and assault.

24. Mr. Rogers despite having done nothing wrong was suspended the following day pending an investigation into the matter. Superintendent Lee was not suspended until weeks later.

25. In January, 2017, Mr. Rogers returned to work after an investigation by the Integrity Division of the CID exonerated him and the investigators.

26. Mr. Rogers returned to work, without reprimand, after meeting MDOC Commissioner Marshall Fisher. Mr. Rogers was told by Commissioner Fisher the matter was deemed closed.

27. Several weeks after Mr. Rogers returned to work, Commissioner Fisher resigned, to accept the position of Commissioner of the Mississippi Department of Public Safety.

28. The Defendant Hall was appointed Acting Commissioner of the MDOC.

29. Almost immediately upon assuming the duties of Acting Commissioner, in

February 2017, the Defendant Hall caused a written reprimand to be placed in Mr. Rogers' file.

30. The Defendant Hall made it known to her subordinates that she did not want the investigations into the beating of Tristan Harris and the acts of Superintendent Lee forwarded to the Federal Bureau of Investigation ("FBI").

31. The Defendant Hall also made it known to her subordinates that she wished to protect Superintendent Lee.

32. Mr. Rogers aware of or suspecting the Defendant Hall's desire to cover-up the Tristan Harris investigation forwarded the MDOC investigatory report to the FBI, on March 10, 2017, in accordance with his customary practice and long-running constructive professional relationship.

33. In forwarding the investigatory report to the FBI, Mr. Rogers reported illegal acts by MDOC employees, including Superintendent Lee.

34. The forwarding of the investigatory report to the FBI was not a mandated job duty of his position but was a practice he continued to ensure effective and honest enforcement of the law.

35. A few days after forwarding the investigatory report to the FBI, Mr. Rogers was subpoenaed to give testimony at a probable cause hearing for Mr. Bobo who had been falsely accused of assaulting Superintendent Lee over a month after the incident

took place.

36.  At that hearing, on March 13, 2016, Mr. Rogers testified to Superintendent Lee's illegal behavior and stated the Tristan Harris investigation should be picked up by the FBI.

37.  Unbeknownst to Mr. Rogers, the Defendant Hall sought, prior to the hearing, to have witnesses testify falsely at the hearing by stating a closed investigation conducted by the Integrity Division of the CID and exonerating Mr. Rogers and his investigators was actually a preliminary report and not closed or final.

38.  Mr. Rogers' testimony at the probable cause hearing constituted speech on a matter of public concern.

39.  On June 5, 2017, Mr. Rogers was ordered by the Defendant Smith to provide a synopsis of his communications with the FBI.

40.  Mr. Rogers complied with the order and explained that he did forward the investigative report, in the Tristan Harris matter to the FBI, in accordance with his customary practice.

41,  Mr. Rogers received word the Defendant Hall was infuriated to learn the Tristan Harris investigation was forwarded to the FBI.

42.  Within two weeks of providing his synopsis informing the Defendant Smith and the Defendant Hall that he forwarded the Tristan Harris investigation to the FBI,

Mr. Rogers' employment was terminated, on June 23, 2017, without explanation.

43. Within two days of the termination of his employment, the Clarion Ledger newspaper in Jackson, Mississippi printed a front page article detailing the criminal conduct of the MDOC employees who beat Tristan Harris, and Superintendent Lee in interfering with the lawful investigation into the beating.

44. After his firing, Mr. Rogers appealed his dismissal to the Mississippi Employee Appeals Board ("EAB").

45. On September 28, 2018, the EAB found that Mr. Rogers' was terminated from his employment with the MDOC, in retaliation,"for providing information to the FBI."

46. The Order of the EAB was not appealed by the MDOC and is now *res judicata*.

47. The actions of the Defendant Smith and the Defendant Hall towards Mr. Rogers were intentional and taken in willful disregard of Mr. Rogers' federally protected rights.

48. At all times relevant to this civil action, the Defendant Smith and the Defendant Hall acted under color of law.

## Claim 1 First Amendment

49. The Defendant Smith and the Defendant Hall are liable to Mr. Rogers for retaliating against him based on his speech on a matter of public concern communicated

8

to the FBI and to the Circuit Court of Sunflower County.

50.  The termination of Mr. Rogers for his speech on a matter of public concern violates clearly established law of a which a reasonable public official would be aware.

51.  As a result of the individual Defendants' retaliatory firing of Mr. Rogers he has suffered damages.

Claim 2 MTCA Violation of Public Policy

52.  The Defendant MDOC is liable to Mr. Rogers for retaliating against him, in violation of pubic policy, for reporting the illegal acts of MDOC employees to the FBI and the Circuit Court of Sunflower County, and for refusing to cover-up the same.

53.  At all times relevant t this civil action Mr. Rogers was a whistleblower as set forth in Miss. Code Ann. § 25-9-171(*j*).

54.  As a result of the Defendant MDOC's retaliatory firing of Mr. Rogers he has suffered damages.

AD DAMNUM

55.  Mr. Rogers prays for the following relief:

a.  Back pay and benefits;

b.  Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

c.  Punitive damages, as to the individual defendants only;

9

d. Reasonable costs and attorney's fees.

Respectfully submitted, this the 27th day of December, 2018.

/s/ Victor Israel Fleitas

_____

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 /Facsimile
fleitasv@bellsouth.net /Email

Attorney for John D. Rogers

10